[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE AND RECONSIDER
The plaintiff, Multi-Unit Services, Inc., brings this action against the defendant, First Union National Bank[1], for nonpayment of property management services rendered. This case has a long procedural history, the pertinent parts of which are as follows. On August 7, 1998, the defendant filed a motion to substitute itself as the proper party defendant, which the court, Melville, J., granted on January 19, 1999. On December 11, 1998, the plaintiff filed a request for leave to file a fifth amended complaint, substituted the defendant as the proper party in the case. The fifth amended complaint, dated December 4, 1998, became the operative pleading in the case upon the passage of fifteen days without objection from the defendant. On March 3, 1999, the defendant filed, without leave of the court, an amended answer and special defenses.[2]
On March 15, 1999, the plaintiff timely filed an objection to the amendment which the court, Moran, J., sustained on December 17, 1999. On April 6, 2000, the defendant then filed a request for leave to file an amended answer and special defenses, and on May 10, 2000, the plaintiff filed an objection thereto.[3] On October 10, 2000, the court,Melville, J., denied the request for leave to file and sustained the plaintiffs objection. On November 22, 2000, the defendant thereafter filed a motion for reargument and reconsideration of the court's previous ruling, which motion is currently before the court.[4] The court heard argument on the motion on December 11, 2000.
While our courts have been liberal in permitting amendments, this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. (Citations omitted; internal quotation marks omitted.) ConnecticutNational Bank v. Voog, 233 Conn. 352. 364, 659 A.2d 172 (1995).
In the present case, on April 6, 2000, the defendant requested leave to amend its answer and special defenses, pursuant to Practice Book §10-60. The plaintiff, however, failed to file an objection thereto within CT Page 2765 the fifteen days provided for in that same practice book section. The plaintiff did not file its objection until May 10, 2000. Accordingly, the court, upon further consideration, hereby grants the defendant's request for leave to amend its answer and special defenses.
Notwithstanding the forgoing ruling, the parties are cautioned that these issues likely arose due to each side's inattention to their respective files. In the future any such matters are unlikely to move the court to liberally exercise its legal discretion.
MELVILLE, J.